# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: KAREN ELAINE BODDIE<br><br>JOSEPH S. TANN, JR.,<br>              Appellant,<br><br>v.<br><br>FRANK PEES,<br>Chapter 13 Trustee<br>              Appellee. | Case No. 2:16-cv-1150<br><br>Judge Graham<br><br>Bankruptcy Case No. 07-51645 |

## OPINION & ORDER

This matter is before the Court on Appellant Joseph S. Tann, Jr.'s appeal from a bankruptcy court order. The United States Bankruptcy Court for this district denied Tann's request to lift the automatic stay imposed by federal bankruptcy law. For the reasons more fully described herein, that denial is **AFFIRMED**.

**I. Factual Background**

Some of the essential background facts in this appeal relate to background bankruptcy law. For example, "[w]hen a bankruptcy petition is filed, § 362(a) of the Bankruptcy Code provides an automatic stay of, among other things, actions taken to realize the value of collateral given by the debtor." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 369 (1988). Tann wants the bankruptcy court to lift the automatic stay to permit him to pursue a lien for attorneys' fees. The bankruptcy court issued an opinion and order denying Tann's motion to lift the automatic stay. (Bankr. Ct. Op. & Order, Doc. 1-1). The bankruptcy court's decision sits at the confluence of two sets of litigation: (1) the bankruptcy of Karen Elaine Boddie, and (2) a civil claim brought by Boddie against PNC Bank in which she was represented by Joseph Tann (hereinafter the "PNC Claim"). (Bankr. Ct. Op. & Order at 2). The Court reviews the progress of each to describe the nature of today's dispute.

1

Karen Boddie filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 12, 2007. After filing the petition, Boddie acquired additional assets, including the PNC Claim, which she, at least initially, did not properly disclose to the bankruptcy court. Boddie hired Tann to prosecute the PNC Claim, but the bankruptcy court never appointed Tann to perform legal services on behalf of the bankruptcy estate.

Here's a more detailed timeline of these events. In January 2013, after making payments pursuant to her confirmed Chapter 13 bankruptcy plan, Boddie filed a motion for determination, which asked the bankruptcy court to determine, among other things, whether the PNC Claim was property of the bankruptcy estate. The bankruptcy court found that it was and ordered that Boddie had no authority to prosecute the PNC Claim on behalf of the estate. (Doc. 4-3 at 2–3). The court further ordered that Boddie could file a motion to employ counsel to prosecute the PNC Claim on behalf of the estate. (*Id.* at 3). In September 2013, Boddie moved to employ Tann as special counsel to prosecute the PNC Claim, but the bankruptcy court denied the motion. (Order Sustaining Objs., Doc. 4-22). In March 2015, Boddie again moved to employ Tann as an attorney. (Mot. of Karen Elaine Boddie, Doc. 4-41). Again, the Court denied the motion. (Or. Den. Mot., Doc. 4-47).

In between the first and second motions to employ Tann as the PNC Claim attorney, the bankruptcy trustee apparently reached a settlement of the PNC Claim. Boddie then threw a wrench in the spokes of the settlement. In between the first and the second orders denying Boddie's motions to retain Tann as counsel for the PNC Claim, Boddie filed, pro se, a "reply" to the bankruptcy trustee's motion to approve a settlement between the trustee and PNC Bank. The bankruptcy court then denied the trustee's motion to approve the settlement. (Or. Den. Trustee's Mot. Approve Settlement at 2, Doc. 4-43).

Tann then began filing his own motions with the bankruptcy court. Tann filed an application with the bankruptcy court to permit him to be compensated for his work on the PNC Claim. (Mem. Op. & Order on App. of Tann for Allowance of Compensation for the Period July 19, 2011 Through August 14, 2014, Doc. 4-52). Tann argued that two separate legal principles entitled him to attorney's fees. First, Tann requested compensation under bankruptcy law, specifically 11 U.S.C. § 330(a)(4)(B) and Local Bankruptcy Rule 2016-1. Second, Tann argued that he possessed an attorney-charging lien as authorized by Ohio law. The Bankruptcy court denied Tann's request for compensation, rejecting both arguments that Tann presented. (Mem. Op. &

Order at 17, Doc. 4-52). The district court affirmed the order. (Op. & Order of District Ct., Doc. 4-61).

Then, Tann filed the motion that is the subject of this appeal: a motion to lift the automatic stay so that he can obtain an attorney's lien on any proceeds from the PNC Claim. Tann argued that principles of equity and quantum meruit ("the reasonable value of services," *Garner's Modern Legal Usage* at 741, (3d. 2011)), dictated that the stay be lifted for him to pursue a lien for attorney's fees. The Chapter 13 Trustee, on the other hand, argued that since the court never authorized Tann to represent the estate in the PNC Claim, he isn't entitled to any attorneys' fees, and permitting him to attach an attorney's lien on the PNC Claim proceeds would essentially nullify the bankruptcy court's earlier rulings.

The bankruptcy court rejected Tann's argument and sided with the trustee. (Bankr. Ct. Mem. Op. & Order at 17, Doc. 1-1). The court held that while the Bankruptcy Code permits a court to grant relief from the automatic stay in certain circumstances, those circumstances weren't present in Tann's case. Specifically, the bankruptcy court held that Tann was—if anything—an unsecured creditor because he did not (and does not now) possess an attorney's lien. Under Ohio law, an attorney's lien only attaches to a judgment or funds collected for a client, and since Tann had no judgment or funds collected for a client, he had no attorney's lien. In the catch-all provision in the bankruptcy code's automatic-stay rule, the statute permits courts to grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d). The bankruptcy court denied Tann relief even under this catch-all provision because Tann sought essentially the reversal of the court's earlier order refusing to appoint Tann as counsel for the PNC Claim. Further still, the bankruptcy court recognized the "nonsensical" nature of permitting "a person to impress a lien on property based on an agreement entered into with someone other than the owner of that property." (Bankr. Ct. Op. & Order at 16, Doc. 1-1). Finally, § 362(d) permits the court to lift the stay if "the debtor does not have any equity in [estate] property." *Id.* Tann argued that Boddie had no equity in the PNC Claim because the PNC Claim was encumbered with his attorney's lien. But Tann had no attorney's lien; therefore, the court denied Tann's request to lift the automatic stay.

Here's a summary of what led to Tann's appeal. After filing the bankruptcy petition, Boddie hired Tann to prosecute the PNC Claim on her behalf. Later realizing that she could not do so, Boddie moved to employ Tann as special counsel to the estate to prosecute the PNC

3

Claim. The bankruptcy court refused to appoint Tann to prosecute the PNC Claim, and it found that Boddie had no authority as the debtor in bankruptcy to appoint Tann herself. When Tann tried to assert his right to payment for his work on the PNC Claim, the bankruptcy court denied his claim. Then, Tann tried to move to lift the automatic bankruptcy stay on debt collection so he could assert an attorney's lien on the PNC Claim, but the bankruptcy court denied this too. This appeal followed.

**II. Jurisdiction and Standard of Review**

A bankruptcy court's order denying a motion for relief from the automatic stay is a final, appealable order. *In re Miller*, 459 B.R. 657, 661 (B.A.P. 6th Cir. 2011). Final, appealable orders can be appealed to the district court. 28 U.S.C. § 158. "Orders denying motions for relief from stay are reviewed for an abuse of discretion." *In re Rice*, 462 B.R. 651, 653 (B.A.P. 6th Cir. 2011) (citing *Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 328 F.3d 829, 836 (6th Cir. 2003)). "'An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *Id.* (alteration in original) (quoting *Kaye v. Agripool, SRL (In re Murray, Inc.)*, 392 B.R. 288 (B.A.P. 6th Cir. 2008)).

**III. Discussion**

Tann frames the issues presented in this appeal as follows:

1. Did the Bankruptcy Court erroneously conclude that relief from the automatic stay imposed in the underlying bankruptcy case under 11 U.S.C. § 362 should not be granted to accommodate the charging lien permitted Appellant under Ohio law with respect to compensation for over three years of value-added legal service benefitting Debtor and her Chapter 13 Estate[?]

2. Did the Bankruptcy Court erroneously apply Ohio law to conclude that Appellant's three years of value-added service to Debtor and her Chapter 13 Estate with respect to claims against Bank does not give rise to an equitable interest in the pending settlement or other resolution of the Lawsuit?

(Appellant's Brief at 5, Doc. 8).

### A. Tann Has No Legal Interest in the PNC Claim

Tann argues that the PNC Claim has been settled for $50,000, and under Ohio law, Tann has an interest in the settlement because of his more than three years of work on the PNC Claim that led to the settlement. But, Tann argues, even if he doesn't have a *present* interest in the set-

4

tlement, that doesn't prohibit the bankruptcy court from lifting the automatic stay so that he can perfect his interest by obtaining an attorney's charging lien on the PNC Claim.

"When a bankruptcy petition is filed, § 362(a) of the Bankruptcy Code provides an automatic stay of, among other things, actions taken to realize the value of collateral given by the debtor." *Timbers of Inwood Forest*, 484 U.S. at 369. In this case, Boddie filed a bankruptcy petition, which provided an automatic stay of any efforts Tann could make to perfect an attorney's charging lien to become a secured creditor. So while this Court and the bankruptcy court and Tann can all agree that Ohio law recognizes the existence of an attorney's lien in certain circumstances, acquiring such a lien against a debtor after a bankruptcy petition has been filed is not one of those circumstances.

But, the Bankruptcy Code permits a court to grant relief from the automatic bankruptcy stay for several reasons, including "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362 (d)(1). Typically, secured creditors are the beneficiaries of this rule, "but holders of other kinds of property interests are also entitled to adequate protection." *Adequate Protection*, 2 Bankruptcy Desk Guide § 21:1.

While Tann argues he has an "interest" in the PNC Claim settlement, he provides no analysis of Ohio lien law to show why he has a *legal* interest in the proceeds of the PNC Claim. This isn't surprising, considering Ohio's stance on attorney's liens:

> In Ohio, there is no statutory or common law rule which gives an attorney a lien on his client's cause of action. Ohio courts, however, appear to recognize the existence of an attorney's lien for fees in certain instances. This lien arises where the attorney obtains a judgment or collects funds for his client. The lien attaches to the fruits of the judgment or funds collected for the client and is limited to attorney fees incurred in obtaining the judgment or collecting the fund[s].

*Silverman v. Hartford Accident & Indem. Co. (In re Hronek)*, 563 F.2d 296, 299 (6th Cir. 1977) (citations omitted). Tann did not obtain a judgment or collect funds for his client; therefore, since the lien never attached to a judgment or proceeds from the PNC Claim, Tann has no lien interest in the proceeds of the PNC Claim under Ohio law. Tann has no legal property interest in the PNC Claim; therefore, he cannot assert the lack of adequate protection of a property interest as a reason to lift the automatic stay.

### B. Tann Has No Equitable Interest in the PNC Claim

Having no legal argument that wins, Tann turns to equity, arguing that the bankruptcy court abused its discretion when it refused to lift the automatic stay "for cause." § 362(d). Specif-

ically, Tann argues that he deserves to be compensated for the work he performed prosecuting the PNC Claim even though he was not approved to do so by the bankruptcy court. And Tann did indeed render some service before the bankruptcy court denied his appointment as special counsel for the estate. But the bankruptcy court applied the correct rules and exercised its discretion properly when it found that no cause existed for terminating the automatic stay.

"[C]ause is a broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Jeffers*, No. 14-52328, 2017 WL 2838104, at *2 (Bankr. N.D. Ohio June 30, 2017) (alteration in original) (internal quotation marks omitted) (quoting *In re River Estates, Inc.,* 293 B.R. 429, 433 (Bankr. N.D. Ohio 2003) (citation omitted)). "For cause" is a catch-all phrase that permits the court to weigh all competing interests and the policies underlying the Bankruptcy Code to reach a just result on a case-by-case basis. *See Americredit Fin. Servs. v. Nichols (In re Nichols)*, 440 F.3d 850, 856 (6th Cir. 2006). If that rule leaves some specificity to be desired, it's a good indication that it leaves plenty of room for discretion, discretion which the bankruptcy court didn't abuse here.

The bankruptcy court held that lifting the automatic stay to allow an attorney's lien to attach to the PNC Claim would circumvent the court's earlier order, which denied Tann the opportunity to represent the estate in the PNC Claim. To lift the stay would amount to an end-run around the provisions in the Bankruptcy Code that outline the process for hiring and paying legal professionals. *See* 11 U.S.C. §§ 327, 330. So, appropriately considering the policies underlying the Bankruptcy Code, cause didn't exist to lift the stay. This Court agrees wholeheartedly with the judgment of the bankruptcy court and finds that its judgment is far from an abuse of its considerable discretion.

It is true that Tann rendered some legal services before the bankruptcy court refused to appoint him as special counsel for the PNC Claim. But his chance to be compensated for that work came and went when he was denied the opportunity to represent the estate in the PNC Claim and denied compensation for the work Tann had performed before the first denial. (*See* Doc. 4-52). Tann argues that courts sometimes exercise their equity powers to compensate professionals who work for the estate even if they never get appointed or their appointment is rejected. That's true. *See, e.g.*, *In re Greystone Holdings, L.L.C.*, 305 B.R. 456, 464 (Bankr. N.D. Ohio 2003). In *Greystone*, the court rejected a creditor's committee's motion to employ a professional finance firm, but the court allowed compensation for the firm for the time the firm began per-

forming services until approximately the time the bankruptcy trustee filed an objection to the employment of the firm. *See id.* at 462–64. But there, the court considered the application to employ the firm contemporaneously with the motion for fees and expenses. *Id.* at 457–58. Conversely here, the bankruptcy court has already twice rejected motions to employ Tann as special counsel. And now, Tann doesn't move for compensation under the bankruptcy code, Tann moves to lift the automatic stay so he can pursue an attorney's charging lien, an issue beyond the scope of the holding in *Greystone*. If anything, *Greystone* indicates that Tann had his chance to argue he should be compensated for pre-appointment work at the motion-to-employ stage. It doesn't provide a reason to grant him relief from the automatic stay.

**III. Conclusion**

The judgment of the bankruptcy court is **AFFIRMED**.

IT IS SO ORDERED.

s/ James L. Graham<br>
JAMES L. GRAHAM<br>
United States District Judge

DATE: August 22, 2017